IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH ANTHONY TAYLOR, | No. C 13-4118 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| DARRYL G. LEWIS, | |
| Respondent. / | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner challenges his conviction from 1997 obtained in Alameda County Superior Court.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

In 1997, petitioner was convicted in Alameda County Superior Court of first degree robbery. He was sentenced to a term of 37 years to life in state prison under California's "Three Strikes Laws." One of his prior "strike" convictions was from 1987, also for robber and also from Alameda County Superior Court. According to petitioner, his 1987 conviction was obtained via a "no contest" plea. Petitioner states that when he entered that plea, one of the terms of the plea agreement was that, if petitioner was convicted of a felony in the future, the 1987 conviction could be used to enhance his sentence for that future conviction by five years. Petitioner complains that he was not informed that the conviction could be used under California's "Three Strikes" law (which did not exist at the time) as a greater enhancement, as it was when he was sentenced in 1997.

He claims that his current sentence violates the terms of his plea bargain in 1987 insofar as his 1987 conviction was used to enhance his current sentence by more than five years. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Fundamental fairness of due process requires that promises made during plea bargaining and analogous contexts be respected. *Johnson v. Lumpkin*, 769 F.2d 630, 633 (9th Cir. 1985). Petitioner's claim is flawed. His current plea sentence or conviction did not involve a plea agreement or promise limiting the length of an enhancement. That promise was made in 1987. To the extent there was any breach of that promise, it would render the 1987 plea invalid, not his current conviction, and petitioner

cannot challenge the validity of a prior conviction, even one used to enhance the sentence he is currently serving. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). Moreover, the sentence he received in 1997 was imposed by the trial court, not the prosecutor who entered the plea agreement in 1987. As a result, the trial court could not have "breached" that plea agreement by imposing the 1997 sentence.

Petitioner also argues that the current sentence renders his plea in 1987 involuntary because he did not know that his 1987 conviction could later be used to enhance a sentence on a future conviction by more than five years, as it was in 1997. A guilty plea is not involuntary solely because the court has not advised the defendant of rights established by judicial decisions or changes in the law occurring after the plea colloquy. *United States v. Pacheco-Navarette*, 432 F.3d 967, 969 (9th Cir. 2005). As noted, the Three Strikes law came into effect after petitioner entered his no contest plea in 1987. As such, the changes brought about under the Three Strikes law as to how long petitioner's 1987 conviction would enhance a future conviction do not render the guilty plea he entered in 1987 involuntary.

Accordingly, petitioner's claim does not state grounds for federal habeas relief and the petition must be denied.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3