IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH ANTHONY TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>DARRYL G. LEWIS,<br><br>    Respondent. | No. C 13-4118 WHA (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND LEAVE TO AMEND**<br><br>(Dkt. No. 6) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner challenges his conviction from 1997 obtained in Alameda County Superior Court. The petition was denied because petitioner's claim did not state grounds for federal habeas relief. Petitioner has filed a motion for reconsideration and to amend the petition.

Rule 60(b) provides for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing

that the grounds justifying relief are extraordinary. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Ibid.*

Petitioner has not shown mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or either voiding or satisfaction of the judgment. Nor has he shown any other reason justifying relief. He argues that a "heightened pleading" standard does not apply to pro se habeas petitions. Even if that were the case, the petition has been reviewed under a normal standard and it is clear that the reasons the petition was denied apply even when a lower pleading standard, the petition is liberally construed in petitioner's favor, and all alleged facts are assumed to be true. Petitioner's arguments challenging the reasons his claims were found lacking merit may be raised in an appeal, but they do not establish grounds for reconsideration. Lastly, petitioner argues that he should be granted leave to amend. Although leave to amend is ordinarily granted, that is not the case where, as here, the allegations in the petition establish that he cannot obtain federal habeas relief. *Cf. Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Petitioner does not explain how he would amend the petition to state cognizable grounds for relief, nor is there any apparent way he could do so given the law and reasoning set forth in the order denying the petition. Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2